FILED by YH D.C.

May 17, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **19-20300-CR-BLOOM/LOUIS**

18 U.S.C. § 1349
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

NORKA GARCIA,
    a/k/a "Nikki,"

    Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Medicare Program

1. The Medicare Program (Medicare) was a federally funded program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

3. Medicare programs covering different types of benefits were separated into different program "parts." "Part A" of the Medicare Program was a medical insurance program that covered, among other things, certain physician and outpatient services that were medically necessary and ordered by licensed medical doctors or other qualified health care providers. Part A of the Medicare Program also covered certain outpatient services, including physical therapy, rehabilitation and occupational therapy ("PT/OT") services, which were typically administered at Comprehensive Outpatient Rehabilitation Facilities ("CORFs"), Outpatient Rehabilitation Facilities ("ORFs"), or by Outpatient Physical Therapy Providers ("OPTs"). Medicare Part A covered such services so long as they were ordered by a medical doctor or other qualified health care provider, and deemed medically necessary.

### Medicare Billing and Payment Procedures

4. A CORF, ORF, or OPT that sought to participate in Medicare Part A and bill Medicare for the cost of PT/OT services was required to apply for and receive a "supplier number" for Part A of the Medicare Program.

5. For Florida Medicare beneficiaries, Medicare Part A PT/OT benefits were administered by First Coast Service Options ("First Coast"), pursuant to a contract with HHS to receive, process and pay claims. First Coast received, adjudicated and paid the claims of authorized PT/OT providers that were seeking reimbursement for the cost of PT/OT services supplied or provided to Medicare beneficiaries.

6. To receive payment from Medicare, a CORF, ORF, or OPT, using its Part A supplier number, would submit a health insurance claim form known as a CMS-1450. Medicare permitted CORF, ORF, and OPT companies to submit CMS-1450's electronically or by way of a paper claim form. Each claim form required certain information, including: (a) the Medicare

beneficiary's name and identification number; (b) the identification number of the doctor or other qualified health care provider who ordered or furnished the health care benefit, item, or service that was the subject of the claim; (c) the health care benefit, item, or service that was provided or supplied to the beneficiary; (d) the billing codes for the benefit, item, or service; and (e) the date upon which the benefit, item, or service was provided or supplied to the beneficiary.

7. Medicare, through First Coast, would generally pay a substantial portion of the cost of the related health care benefits, items, and services that were medically necessary and ordered by licensed doctors or other qualified health care providers.

8. Payments under Medicare Part A were often made directly to the CORF, ORF, or OPT company rather than to the patient/beneficiary. For this to occur, the beneficiary would assign the right of payment to the CORF, ORF, OPT company or other health care providers. Once such an assignment took place, the CORF, ORF, or OPT company would assume the responsibility for submitting claims to, and receiving payments from, Medicare.

### The Defendant and a Related Company

9. Joe Rehabilitation and Diagnostic, Inc. ("Joe Rehabilitation") was a Florida corporation incorporated on June 12, 2001, and located at 1470 NW 107 Avenue in Doral, Florida. Joe Rehabilitation was an ORF that purportedly provided PT/OT services to Medicare beneficiaries.

10. Defendant **NORKA GARCIA, a/k/a "Nikki,"** a resident of Miami-Dade County, was an operator of Joe Rehabilitation.

### CONSPIRACY TO COMMIT HEALTH CARE FRAUD AND WIRE FRAUD
### (18 U.S.C. § 1349)

From in or around April 2017, through in or around February 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

3

**NORKA GARCIA, a/k/a "Nikki,"**

did willfully, that is with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with others known and unknown to the United States Attorney, to commit offenses against the United States, that is:

    a.    to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

    b.    to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

11.    It was a purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by: (a) offering and paying kickbacks and bribes for the referral of Medicare beneficiaries to serve as patients at Joe Rehabilitation, regardless of whether the beneficiaries needed or received the services; (b) submitting and causing the submission of false and fraudulent claims to Medicare for PT/OT services purportedly provided to these recruited

beneficiaries, regardless of whether the beneficiaries needed or received the services; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

### Manner and Means of the Conspiracy

The manner and means by which the defendant and her co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

12.   **NORKA GARCIA, a/k/a "Nikki"** paid, and caused to be paid, kickbacks to individuals, in return for the referral of Medicare beneficiaries to Joe Rehabilitation, regardless of whether the beneficiaries needed or received the services.

13.   **NORKA GARCIA, a/k/a "Nikki"** instructed others to sign documentation falsely indicating that they had provided therapy services to Medicare beneficiaries, when the therapy had been provided by unlicensed professionals or had not been provided at all.

14.   **NORKA GARCIA, a/k/a "Nikki,"** and others, falsely certified to Medicare that licensed professionals provided necessary PT/OT services to Medicare beneficiaries at Joe Rehabilitation.

15.   **NORKA GARCIA, a/k/a "Nikki,"** and others, submitted and caused the submission of claims to Medicare via interstate wire communications, which falsely and fraudulently represented that the PT/OT services were medically necessary, prescribed by a doctor, and provided to Medicare beneficiaries.

16.   As a result of such false and fraudulent claims, **NORKA GARCIA, a/k/a "Nikki,"** and others, caused Joe Rehabilitation to receive overpayments from Medicare.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE
## (18 U.S.C. § 982)

1. The allegations of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **NORKA GARCIA, a/k/a "Nikki"** has an interest.

2. Upon conviction of the violation alleged in this Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violations.

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
ANNE P. MCNAMARA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

NORKA GARCIA, a/k/a "Nikki,"

_____Defendant._____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)
✓ Miami    __ Key West
__ FTL     __ WPB    __ FTP

New defendant(s)         Yes ___  No ___
Number of new defendants  ___
Total number of counts    ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect    _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)
   I    0 to 5 days      ✓                   Petty     ___
   II   6 to 10 days     ___                 Minor     ___
   III  11 to 20 days    ___                 Misdem.   ___
   IV   21 to 60 days    ___                 Felony    ✓
   V    61 days and over ___

6. Has this case previously been filed in this District Court?   (Yes or No)  No
   If yes: Judge                    Case No.
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No.
   Related miscellaneous numbers:   19-CR-20268-WILLIAMS
   Defendant(s) in federal custody as of
   Defendant(s) in state custody as of
   Rule 20 from the District of

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?    Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    Yes ___   No ✓

_____
Anne P. McNamara
Assistant United States Attorney
Court ID A5501847

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** NORKA GARCIA, A/K/A "NIKKI"

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty:**   Twenty (20) Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| Norka Garcia, a/k/a "Nikki," | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

**Carl Kafka**
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*