UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20300-CR-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NORKA M. GARCIA,

    Defendant,

and

DIANE M. TRAINOR,

    Garnishee.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon the Government's Motion for Disposition, ECF No. [46] ("Motion"), requesting an order for disposition of assets identified in the Garnishee's Answer to the Writ of Garnishment pursuant to 28 U.S.C. § 3205(c)(7). The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A writ of garnishment was issued against Defendant Norka Garcia ("Defendant") in this case on September 27, 2019, for the purpose of securing payment of a criminal restitution judgment. ECF No. [29]. This writ of garnishment was served upon Defendant's counsel, Diane Trainor ("Garnishee"), on March 9, 2020, ECF No. [35], and Garnishee filed an Answer to Writ of Garnishment on March 27, 2020, which explained that Garnishee has $60,000.00 in her client trust account for the benefit of Defendant's ex-husband but is being held until the completion of

the terms of the couple's Mediated Marital Settlement Agreement. ECF No. [40] at 1-2. The Government now seeks an order directing Garnishee to deposit the $60,000.00 from her client trust account with the Clerk of Court because "the restitution obligations of [Defendant and her ex-husband co-defendant] are joint and several," and the Government's restitution lien against Defendant attaches to the $60,000.00. ECF No. [46] at 2.

"A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). However, the statute does not empower a court to garnish the property of a third party due, nor does the Government cite to any authority for their request. Absent providing some legal basis for garnishing the assets of a third party due to a joint and several restitution order, the Court will not authorize the garnishment of Defendant's ex-husband's funds held in Garnishee's client trust account. To the extent that the Government wishes to apply the $60,000.00 to the restitution amount, it may seek to garnish these funds in Defendant's ex-husband's criminal case, *United States v. Jorge Garcia*, 19-cv-20586-CR-COOKE.

Accordingly, it is **ORDERED AND ADJUDGED** that the Government's Motion, **ECF No. [46]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 5, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record